
EXHIBIT
C

11/25/2025 9:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 108480054
By: Talitha McCarty
Filed: 11/25/2025 8:56 PM

CAUSE NO. ______________

| | | |
|---|---|---|
| **SERGIO MARROQUIN ROCA,** *Plaintiff,* | § § | **IN THE DISTRICT COURT OF** |
| **V.** | § § § | **HARRIS COUNTY, TEXAS** |
| **UNIFI AVIATION, LLC, UNITED AIRLINES, INC., AND JOHN DOE** *Defendants.* | § § § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION, 193.7 NOTICE, AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW SERGIO MARROQUIN ROCA, hereinafter referred to as "Plaintiff," and files this his Original Petition, Rule 193.7 Notice, and Jury Demand against UNIFI AVIATION, LLC; UNITED AIRLINES, INC.; and JOHN DOE (hereinafter collectively referred to as "Defendants"), and in support hereof, for cause of action would respectfully show this Honorable Court as follows:

## I. DISCOVERY

1.1 Plaintiff seeks Level 3 Discovery under Rule 190.4 because this case involves complex issues of governmental liability, multiple defendants, federal statutory claims, extensive medical treatment, and damages exceeding $1,000,000.

## II. PARTIES

2.1 Plaintiff Sergio Marroquin Roca (hereinafter "Plaintiff Marroquin Roca") is an individual and resident of the State of New Jersey who was a passenger traveling through Harris County, Texas, at the time all causes of action brought herein accrued.

2.2 Defendant Unifi Aviation, LLC (hereinafter "Defendant Unifi") is a foreign for-profit limited liability company registered to engage in business in the State of Texas, whose corporate headquarters are located at 2711 Centerville Road, Suite 40, Willington, Delaware

19808. This Defendant may be served with citation by serving its registered agent, **Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company** at **211 E. 7th Street, Austin, Texas 78701**, or wherever else they may be found. *Issuance of citation is requested from the Harris County District Clerk and the applicable fee has been paid.*

2.3 Defendant United Airlines, Inc. (hereinafter "Defendant United") is a corporation organized under the laws of the State of Delaware and doing business in the State of Texas, with substantial operations at George Bush Intercontinental Airport, 2800 N Terminal Rd, Houston, Texas 77032. Defendant United can be served with process through its registered agent, **Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company** at **211 E. 7th Street, Austin, Texas 78701**, or wherever else they may be found. *Issuance of citation is requested from the Harris County District Clerk and the applicable fee has been paid.*

2.4 Defendant John Doe is an individual who, on information and belief, is a citizen of the State of Texas. John Doe was, at times material to this lawsuit, employed by Defendant Unifi and working at the time of the incident that is the basis of this lawsuit ("Incident") at George Bush Intercontinental Airport ("IAH") in Houston, Harris County, Texas, and operated the wheelchair/transport vehicle referred to in this petition. The identity of John Doe is, despite the best efforts of Plaintiff to investigate his claims to date, unknown to Plaintiff. However, John Doe had an independent duty of care to Plaintiff at the time of the Incident, breached such duty, and such breach of duty was a proximate cause of Plaintiff's damages. Therefore, John Doe is a proper party defendant in his individual capacity. Plaintiff intends to conduct discovery to ascertain his/her identity, whereabouts, and to confirm who his/her employer was at the time of and on the occurrence in question. Should it be that JOHN DOE's employer was UNIFI AVIATION, LLC, then he/she may be served with process through his/her employer, UNIFI AVIATION, LLC's, registered agent, **Corporation Service Company d/b/a CSC Lawyers Incorporating Service**

**Company** at **211 E. 7th Street, Austin, Texas 78701**, or wherever else they may be found.

## III. MISNOMER/ALTER EGO

3.1 In the event any parties are misnamed or are not included herein, Plaintiff reserves the right to contend that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of a party(ies) named herein. Alternatively, Plaintiff contends that any "corporate veils" should be pierced to hold such parties properly included in the interest of justice. Plaintiff specifically invokes the right to institute this suit against whatever entities were conducting business using Defendant'(s) assumed or common names. Plaintiff expressly invokes Plaintiff's right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of the parties substituted at a later time upon the motion of any party or of the Court.

## IV. VENUE AND JURISDICTION

4.1 This Court has jurisdiction in this case since the damages to Plaintiff are within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff hereby states that he seeks monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgement interest, and attorney's fees.

4.2 All or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas. Therefore, venue is proper pursuant to § 15.001 and § 15.002(a)(1) of the Texas Civil Practice & Remedies Code.

## V. FACTS

5.1 This lawsuit arises from an incident that occurred in Houston, Texas on December 4, 2023, at George Bush Intercontinental Airport (IAH).

5.2 On that day, Plaintiff Marroquin Roca, a 62-year-old man with a history of polio affecting his left leg and pre-existing bilateral knee osteoarthritis, was traveling from New Jersey to Guatemala with a connecting flight through Houston, Texas, on an aircraft owned and/or

operated by Defendant United.

5.3     Prior to traveling, Plaintiff made arrangements with Defendant United for mobility assistance. Due to Plaintiff's health conditions, it was necessary for Plaintiff to be provided with assistance and a wheelchair in order to safely navigate the airport terminal between flights.

5.4     When Plaintiff's initial flight was delayed approximately 12 hours, Plaintiff again requested and confirmed his need for wheelchair assistance to reach his rescheduled connecting flight.

5.5     Upon information and belief, Defendant Unifi, acting as a ground services contractor for Defendant United at IAH, provided wheelchair transportation services pursuant to a contractual agreement with Defendant United. Defendant John Doe, an employee of Defendant Unifi, was assigned to transport Plaintiff through the airport terminal by pushing him in a wheelchair.

5.6     While being transported in Terminal C near an ATM and bathroom area within the airport, Defendant John Doe was pushing the wheelchair in a negligent manner at an excessive and unsafe speed through a congested area. Specifically, the employee was not paying proper attention to the task at hand, failed to maintain a proper lookout, and was pushing the wheelchair at an unreasonable speed given the crowded conditions. Suddenly and without warning, Defendant John Doe crashed Plaintiff's wheelchair into another individual who was also being transported in a wheelchair by another Unifi employee.

5.7     The collision caused immediate and severe injury to Plaintiff Marroquin Roca's right knee, exacerbating his pre-existing osteoarthritis and causing new traumatic injury including a complex lateral meniscus tear and grade III chondromalacia.

HOUSTON AIRPORT SYSTEM

**Houston Airport System**

| | | | |
|---|---|---|---|
| Log Entered | 12/04/2023 17:24 PM | Entered By | Alexander Papp |
| Event Date/Time | 12/04/2023 17:24 PM | | |

**Medical Calls**

Medical Call Response Form

Shift: Second

**Fill out items below, if unknown or other than yes**

| In Flight: | Intl Flight: | CDC Called: | Transported: | AED Alarm: |
|---|---|---|---|---|
| NO | N/A | NO | NO | NO |
| | | | AED Box #: | CAD #: |

Comments / Remarks / Summary of Medical Call:

Terminal C south concourse intersection. Unifi wheelchair was pushing a customer and ran into another Unifi customer. Medical assistance requested. Engine 63 responded and rendered aid passenger was not transported and continued on his travels. Camera view C-2554. Unifi manager Zachary Kremers contact number [redacted]
CAD 688593

***Illustration 1: Houston Airport System Medical Call Response Form***

5.8 As a direct result of Defendants' negligence, Plaintiff Marroquin Roca has undergone extensive medical treatment including:

a. Multiple emergency department visits;

b. Orthopedic consultations and treatment from January through December 2024;

c. Right knee arthroscopy with meniscectomy and chondroplasty on April 11, 2024;

d. Right total knee replacement on September 3, 2024;

e. Manipulation under anesthesia on December 12, 2024; and

f. Extensive physical therapy and rehabilitation.

## VI. CAUSES OF ACTION

### A. NEGLIGENCE OF DEFENDANT UNITED AIRLINES

6.1 Plaintiff hereby incorporates all paragraphs of this pleading as if fully set forth herein.

6.2     Defendant United Airlines is a common carrier and as such is required to exercise the highest degree of care and diligence in the safety of its passengers such as Plaintiff.

6.3     Defendant United, as the carrier, had a non-delegable duty under the Air Carrier Access Act (ACAA), 49 U.S.C. § 41705, and 14 CFR Part 382 to ensure safe and proper wheelchair assistance for passengers with disabilities. This duty cannot be delegated to third-party contractors such as Defendant Unifi.

6.4     Defendant United violated specific provisions of 14 CFR Part 382, including:

   a. § 382.141 - Failure to ensure personnel are trained to proficiency in wheelchair assistance;

   b. § 382.91 - Failure to provide timely and safe wheelchair assistance in moving through the terminal; and

   c. § 382.95 - Failure to provide safe boarding and deplaning assistance, including through trained personnel.

6.5     Plaintiff would show that the incident in question and his resulting injuries and damages were caused to occur due to the negligence and carelessness of Defendant United through the actions or inactions of one or more of its agents, servants, employees, or contractors, to wit:

   a. In failing to provide Plaintiff with the necessary equipment, personnel, and assistance he needed to safely navigate the airport terminal;

   b. In failing to exercise the highest degree of care and diligence and providing for the safety of Plaintiff while being transported through the terminal;

   c. In failing to properly and adequately train its employees and contractors;

   d. In failing to have in place adequate policies and procedures regarding the safe transport of disabled or physically impaired passengers such as Plaintiff;

   e. In failing to comply with policies and procedures Defendant had in place, if any, at the time of the incident regarding the safe transport of disabled or physically impaired passengers;

   f. In failing to properly and adequately instruct and train third-party contractors with whom Defendant had contracted to provide wheelchair assistance services;

    g. In breaching the agreement to provide disabled or physically impaired passengers such as Plaintiff with safe mobility assistance;

h. In failing to properly and adequately supervise third-party contractors with whom it had contracted to provide wheelchair assistance services;

i. In negligently hiring and retaining third-party contractors to provide wheelchair assistance services;

j. In prioritizing Defendant's corporate interests above the safety of its passengers such as Plaintiff;

k. In violating duties under the Air Carrier Access Act and implementing regulations; and

l. Other acts and/or omissions constituting negligence that will be proved by the evidence at trial.

6.6 Each and all of the above-mentioned acts and/or omissions constitute negligence and were, each and all, separately and concurrently, a proximate cause of the injuries and damages sustained by Plaintiff.

**B. PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST UNITED AIRLINES**

6.7 Plaintiff hereby incorporates all paragraphs of this pleading as if fully set forth herein.

6.8 At the time of the occurrence of the incident in question and immediately prior thereto, Defendant United's agents, servants, employees, and/or contractors were within the course and scope of employment or agency for Defendant United.

6.9 At the time of the occurrence of the incident in question and immediately prior thereto, Defendant United's agents, servants, employees, and/or contractors were engaged in the furtherance of Defendant United's business.

6.10 At the time of the occurrence of the incident in question and immediately prior thereto, Defendant United's agents, servants, employees, and/or contractors were engaged in accomplishing a task for which they were employed or contracted.

6.11 Plaintiff invokes the doctrine of respondeat superior as against Defendant United Airlines.

**C. GROSS NEGLIGENCE OF DEFENDANT UNITED AIRLINES**

6.12 Plaintiff hereby incorporates all paragraphs of this pleading as if fully set forth herein.

6.13 Defendant United Airlines' acts or omissions described above, when viewed objectively from the standpoint of Defendant United at the time the act or omission occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved in the above-described acts or omissions but proceeded regardless with a conscious indifference to the rights, safety, or welfare of Plaintiff.

6.14 Defendant's acts and/or omissions described above were committed knowingly and/or intentionally and constituted gross negligence under the laws of the State of Texas.

6.15 Based on the facts stated herein, Plaintiff requests that exemplary damages be awarded to Plaintiff from Defendant United Airlines.

**D. NEGLIGENCE OF DEFENDANT UNIFI AVIATION**

6.16 Plaintiff hereby incorporates all paragraphs of this pleading as if fully set forth herein.

6.17 Defendant Unifi owed Plaintiff Marroquin Roca a duty to provide safe, attentive, and competent wheelchair assistance services.

6.18 Plaintiff would show that the incident in question and his resulting injuries and damages were brought about and caused to occur due to the negligence and carelessness of Defendant Unifi, through the actions or inactions of one or more of its agents, servants, or employees, to wit:

a. Failing to maintain proper attention while pushing/operating a wheelchair;

b. Failing to maintain safe distance between wheelchairs during transport;

c. Failing to properly control the wheelchair to avoid collision;

d. Failing to push the wheelchair at a reasonable speed in crowded areas;

e. Failing to properly train employees on safe wheelchair operation and navigation;

f. Failing to supervise wheelchair assistance operations;

g. Failing to have in place adequate policies and procedures regarding the safe transport of disabled passengers;

h. Hiring and/or retaining employees whom it knew or should have known were incompetent;

i. Breaching the agreement to provide disabled or physically impaired passengers such as Plaintiff with safe mobility assistance;

j. Prioritizing Defendant's corporate interests above the safety of passengers such as Plaintiff; and

k. Other acts and/or omissions constituting negligence that will be proved by the evidence at trial.

6.19 Each and all of the above-mentioned acts and/or omissions constitute negligence and were, each and all, separately and concurrently, a proximate cause of the injuries and damages sustained by Plaintiff.

## E. PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST UNIFI AVIATION

6.20 Plaintiff hereby incorporates all paragraphs of this pleading as if fully set forth herein.

6.21 At the time of the occurrence of the incident in question and immediately prior thereto, Defendant Unifi's agents, servants, or employees, including Defendant John Doe, were within the course and scope of employment for Defendant Unifi.

6.22 At the time of the occurrence of the incident in question and immediately prior

thereto, Defendant Unifi's agents, servants, or employees were engaged in the furtherance of Defendant Unifi's business.

6.23 At the time of the occurrence of the incident in question and immediately prior thereto, Defendant Unifi's agents, servants, or employees were engaged in accomplishing a task for which they were employed.

6.24 Plaintiff invokes the doctrine of respondeat superior as against Defendant Unifi Aviation.

## F. GROSS NEGLIGENCE OF DEFENDANT UNIFI AVIATION

6.25 Plaintiff hereby incorporates all paragraphs of this pleading as if fully set forth herein.

6.26 Defendant Unifi's acts or omissions described above, when viewed objectively from the standpoint of Defendant Unifi at the time the act or omission occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved in the above-described acts or omissions but proceeded regardless with a conscious indifference to the rights, safety, or welfare of Plaintiff.

6.27 Defendant's acts and/or omissions described above were committed knowingly and/or intentionally and constituted gross negligence under the laws of the State of Texas.

6.28 Based on the facts stated herein, Plaintiff requests that exemplary damages be awarded to Plaintiff from Defendant Unifi Aviation.

## G. NEGLIGENCE OF DEFENDANT JOHN DOE

6.29 Plaintiff incorporates all paragraphs of this pleading as if fully set forth herein.

6.30 Defendant John Doe had an independent duty to exercise ordinary care in the operation of the wheelchair, which he owed to Plaintiff and other passengers in the terminal.

6.31 Defendant John Doe was negligent at the time of the Incident, including but not limited to:

a. Failure to keep a proper lookout;

b. Failure to push the wheelchair at a reasonable speed;

c. Failure to maintain control of the wheelchair;

d. Failure to maintain safe distance from other wheelchairs;

e. Failure to navigate safely through crowded areas;

f. Failure to sufficiently warn nearby individuals of the oncoming wheelchair;

g. Distracted operation of the wheelchair; and

h. Other negligent acts to be proven at trial.

6.32 Each and all of the above acts and omissions, singularly or in combination with others, constituted negligence that proximately caused the occurrence made the basis of this action and Plaintiffs resulting injuries and damages.

### H. Res Ipsa Loquitur

6.33 Plaintiff pleads res ipsa loquitur. The doctrine applies because: (1) wheelchair collisions do not occur in the absence of negligence when operated by trained personnel; (2) Defendants had exclusive control of the instrumentality causing injury; and (3) Plaintiff did not contribute to the occurrence. Wheelchairs operated by trained professionals in airport settings do not collide with other wheelchairs absent negligence.

### I. Joint and Several Liability

6.34 All Defendants are jointly and severally liable for Plaintiff's damages as their concurrent negligence combined to produce an indivisible injury.

## VII. Damages

7.1 As a result of the incident caused by Defendants' negligence and gross negligence,

Plaintiff has sustained significant injuries and damages in the past and will in reasonable probability sustain these damages in the future.

7.2     Plaintiff respectfully requests that the trier of fact determine the amount of these damages and losses that he has suffered. Plaintiff requests that the trier of fact determine the amount of these damages incurred in the past as well as the future and the monetary value of said damages, including, but not limited to:

   a. Medical expenses in the past and future;

   b. Pain and Suffering in the past and future;

   c. Mental anguish in the past and future;

   d. Physical impairment in the past and future;

   e. Disfigurement in the past and future;

   f. Loss of enjoyment of life;

   g. All other pecuniary losses;

   h. Pre-judgment interest;

   i. Post-judgment interest;

   j. Taxable court costs; and

   k. Exemplary damages.

7.3     Based on the above enumerated injuries and damages which were caused by the acts and/or omissions of the Defendants, Plaintiff pleads for actual and exemplary damages in an amount that the jury deems reasonable under the circumstances which exceed the minimum jurisdictional limits of the Court.

7.4     Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, all costs of Court, consequential damages, and all other relief, both in law and in equity, to which he may be entitled.

## VIII. Statutory And Common Law Exemplary Damages

8.1 To the extent applicable, Plaintiff brings this lawsuit pursuant to Section 41.001 of the Texas Civil Practice & Remedies Code, to recover punitive and exemplary damages against Defendants based on the gross negligence and subjective belief that serious injury was reasonably certain to occur at and near the time of the incident made the basis of this lawsuit.

8.2 Defendants' acts and/or omissions were a reckless disregard of the rights of others and were the result of conscious indifference to the rights, welfare, and safety of other persons, including Plaintiff. The wheelchair collision occurred in a crowded airport terminal where other passengers, including other disabled individuals, were at risk. Defendants' conscious indifference to the safety of disabled passengers constitutes gross negligence warranting exemplary damages.

## IX. Caps On Punitive Damages Are Unconstitutional

9.1 Plaintiff would further show that the limitations and caps on punitive and/or exemplary damages under Texas Civil Practice & Remedies Code § 41.008 are unconstitutional and violate the 5th and 14th Amendments, and the "due process clauses," "equal protection and open courts" provisions, and the Federal and Texas Constitutions in that said caps are unreasonable, arbitrary, capricious, and frustrate the purpose of exemplary damages awards as well as violate the province of the jury, in its discretion, to assess the appropriate amount of exemplary damages that are appropriate in this case.

## X. Rule 193.7 Notice

10.1 Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced by Defendants may be used against Defendants at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents. Plaintiff seeks recovery of such pre-judgment and post-judgment interest at the highest rates permitted by law.

## XI. JURY DEMAND

11.1 Plaintiff in the above-entitled and numbered cause hereby requests a trial by jury and tenders the appropriate fee with this Petition pursuant to Rule 216 of the Texas Rules of Civil Procedure.

## XII. PRAYER

12.1 WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer herein, and that upon a final hearing hereof, the Plaintiff have judgment against Defendants, jointly and severally, for actual damages and exemplary damages in an amount the jury deems reasonable under the circumstances which are in excess of the minimum jurisdictional limits of the Court, together with pre-judgment interest, post-judgment interest, costs of court, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**MICHELLE ACOSTA LAW FIRM, PLLC**

**Michelle T. Acosta**
SBN: 24105488
4601 Washington Ave., Ste. 200
Houston, Texas 77007
Tel: (713) 933-3300
Fax: (713) 564-5530
michelle@michelleacosta.law

**SCHIRMER LAW LLC**

/s/ Christopher Schirmer
Christopher Schirmer
SBN: 24138827
888 S.E. 3rd Avenue, Suite 300
Fort Lauderdale, FL 33316
Tel: (754) 260-5410
Fax: (754) 778-8513
CSchirmer@schirmerlaw.com

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christopher Schirmer on behalf of Christopher Schirmer
Bar No. 24138827
cschirmer@schirmerlaw.com
Envelope ID: 108480054
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition, Rule 193.7 Notice, and Jury Demand
Status as of 11/26/2025 9:24 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| E- Service | | e-service@michelleacosta.law | 11/25/2025 9:07:50 PM | SENT |
| Mandy Godoy | | mandy@michelleacosta.law | 11/25/2025 9:07:50 PM | SENT |
| Michelle TeresaAcosta | | michelle@michelleacosta.law | 11/25/2025 9:07:50 PM | SENT |
| Christopher Schirmer | | cschirmer@schirmerlaw.com | 11/25/2025 9:07:50 PM | SENT |